UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHRYN ANN BALLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-2692 |
| | § | |
| JO ANNE BARNHART, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 34).[1] After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that the Plaintiff's motion should be denied.

### I. BACKGROUND

The Court's previous Memorandum and Order (Doc. No. 33) granting Defendant's motion for summary judgment lays out the relevant background facts. Plaintiff Kathryn Anne Balle ("Balle") worked as a Service Representative for Defendant Social Security Administration ("SSA") until her termination. She sued her employer pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, alleging age discrimination and retaliation claims. This Court subsequently granted summary judgment to SSA on Balle's claims. (Doc. No. 33.) The Court found that Balle had not alleged "any facts that show, and the record [did] not reflect, that she was replaced by a younger employee or that she was otherwise discriminated on the basis of her age." (*Id.*

---

[1] On the docket sheet, this motion is also listed as a motion for recusal. However, the title of the document itself refers only to reconsideration, and the substance of the motion does not address recusal. To the extent Balle intended this to be a motion for recusal as well, that motion is denied.

1

at 8-9.) On Balle's hostile work environment claim, the Court found that Balle failed to satisfy the third and fifth elements her harassment prima facie case because she had "not alleged that any of the harassment she experienced . . . was motivated by her age," and had not reported an alleged racist comment to her superiors. (*Id.* at 10.)

Balle now urges the Court to reconsider its order, arguing that the Court "failed to consider the controlling law" in reaching its decision. (Pl.'s Mot. for Recons., Doc. No. 34, at 2.)

## II.  STANDARD

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b).[2] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III.  ANALYSIS

---

[2] While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted). Because Balle's motion was filed more than ten days after this Court's order granting summary judgment to SSA, this Court treats this as a Rule 60(b) motion for reconsideration.

Balle proffers one main argument in support of her claim that the Court failed to consider controlling law in its order granting summary judgment to SSA. She contends that the Court ignored SSA policies that require employees to be afforded the opportunity to improve, as well as a thirty-day notice letter, before termination. In her motion, Balle marshals substantial evidence for her argument that SSA denied her both an opportunity to improve and a notice letter before terminating her. Balle repeatedly characterizes this action as a denial of "due process."

Balle is mistaken in her assertion that the Court failed to consider this component of her case in its previous order. The Court specifically discussed Balle's argument that SSA failed to comply with its own termination policies, and concluded: "Even if Defendant did deviate from its own human resources policies when it terminated Plaintiff, [Balle] has not argued or presented facts that demonstrate that these departures were somehow motivated by age." (Doc. No. 33, at 9.)

In its own review of the evidence presented by Balle in her motion to reconsider, the Court sees no reason to disturb its holding. Even if Balle is correct that SSA failed to observe its own human resources policies, she has still not made out a prima facie claim of age discrimination because she fails to meet the fourth element of the claim. Specifically, Balle has not shown that, after her termination, her employer (a) subsequently hired people outside the protected class to fill the position, (b) replaced her with someone younger, or that (c) she was otherwise discharged because of her age. (Doc. No. 33, at 8) (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). Nowhere does Balle allege facts to show that she was replaced by someone younger or that she was otherwise discharged because of her age.

Indeed, the way Balle's pleadings and motions read, one might think that this was a procedural due process case against the government. Nowhere does Balle take the step of linking any of SSA's actions to her age. As the Court previously noted, "Plaintiff has produced no evidence that any supervisor made ageist comments or somehow favored younger employees." (Doc. No. 33, at 9.) Instead, Balle focuses almost singularly on SSA's decision to terminate her position without notice or the opportunity to improve. The Court understands that Balle may be aggrieved by any unjust treatment caused by SSA's failure to heed its own promulgated rules concerning the hiring and firing of employees. That, however, does not turn this case into one about age discrimination. Balle may not transform her grievance into an age discrimination suit by sheer will. "'Illegal discrimination is indeed something different from simple unfair treatment,'" and "'it has long been the law in this circuit'" that anti-discrimination laws such as the ADEA and Title VII do "'not protect against unfair business decisions[,] only against decisions motivated by unlawful animus.'" *Timmerman v. IAS Claim Servs.*, 138 F.3d 952, 953 (5th Cir. 1998) (per curiam).

Similarly, the Court finds no reason to disturb its holding on Balle's hostile work environment claim. In its order, the Court held that Plaintiff had failed to make out a prima facie hostile environment claim because she could not satisfy two of the five prongs. Balle has proffered no challenge to this holding, and the Court leaves it intact.

Finally, the Court acknowledges the impressive amount of evidence set forth by Balle regarding her competent work performance. Nothing in these orders is meant as an opinion that Balle's performance as a government employee was anything less than able

4

and diligent. In the absence of any facts that connect Balle's treatment with age discrimination, however, the Court is compelled to follow its previous order.

### IV.    CONCLUSION

For the reasons outlined above, Plaintiff's Motion for Reconsideration (Doc. No. 34) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of June, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**